## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____
                                       )

**BIPINBHAI P. PATEL, FEVILBHAI B. PATEL,**   )
**and NIKIBEN B. PATEL,**   )
       **Plaintiffs**   )
     **v.**   )
                                       )    **C.A. No.**

**KIRSTJEN M. NIELSEN, Secretary, U.S.**   )
**Department of Homeland Security; JEFFERSON**   )
**SESSIONS, U.S. Attorney General; U.S.**   )
**DEPARTMENT OF HOMELAND SECURITY; U.S.**   )
**CITIZENSHIP AND IMMIGRATION SERVICES,**   )
**SERVICES, DAVID ROARK, Director, USCIS Texas,**   )
**Service Center.**   )
       **Defendants.**   )
_____)

## PLANTIFFS' COMPLAINT FOR
## WRIT OF MANDAMUS

This action is brought by the Plaintiffs, Bipinbhai P. Patel, Fevilbhai B. Patel and Nikiben B. Patel, against the Defendants to compel action on their applications to adjust status properly filed by the Plaintiffs in 2004.  The applications remain within the jurisdiction of the Defendants, who have improperly withheld action on said applications to the Plaintiffs' detriment.

## **PARTIES**

1.      The Plaintiff, **Bipinbhai P. Patel**, is a native and citizen of India who last entered the United States in March, 1991. The Plaintiff resides at 813 Buckley Road, Stoughton, Massachusetts 02072.

2.      The Plaintiff, **Fevilbhai Patel**, is a 26 year old native and citizen of India who entered the United States in 1997. The Plaintiff resides at 813 Buckley Road, Stoughton, Massachusetts 02072 and has been granted Deferred Action for Childhood Arrivals (DACA) through February 21, 2020. His father is the Plaintiff, Bipinbhai Patel.

3.      The Plaintiff, **Nikiben Patel**, is a 28 year old native and citizen of India who entered the United States in 1995. The Plaintiff resides at 813 Buckley Road, Stoughton, Massachusetts 02072 and has been granted Deferred Action for Childhood Arrivals (DACA) through November 2, 2019. Her father is the Plaintiff, Bipinbhai Patel.

4.      The Defendant, **Kirstjen M. Nielsen**, is being sued in her official capacity as the Secretary of the Department of Homeland Security.  In this capacity, she is charged with the administration and enforcement of the immigration laws, pursuant to 8 U.S.C., §1103, and she possesses extensive discretionary powers to grant certain relief to non-U.S. Citizens. More specifically, the Secretary of the Department of Homeland Security is responsible for the adjudication of applications to adjust status pursuant to § 245 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255.  The U.S. Citizenship and Immigration Services is an agency within the Department of Homeland Security to whom the Secretary's authority has in part been delegated, and is subject to the Secretary's supervision.

5.      The Defendant, **Jefferson Sessions**, is being sued in his official capacity as the Attorney General of the United States.  In this capacity, he is also charged with the administration and enforcement of the immigration laws, pursuant to 8 U.S.C., §1103, and he possesses extensive discretionary powers to grant certain relief to non-U.S. Citizens.  More specifically, the Attorney General, together with the Secretary of the Department of Homeland Security, is responsible for the adjudication of applications to adjust status pursuant to § 245 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255.  The U.S. Citizenship and Immigration Services is an agency within the Department of Justice to whom the Attorney General's authority has in part been delegated, and is subject to the Attorney General's supervision.

6.      The Defendant, **U.S. Citizenship and Immigration Services (hereinafter "USCIS"),** is the agency responsible for interpreting and applying the Immigration and Nationality Act and for reopening and adjudicating applications to adjust status. The Defendant, **David Roark**, is the Director of the USCIS Texas Service Center. The **USCIS Texas Service Center**, which is located in Mesquite, TX, is the service center where the Plaintiffs' applications to adjust status were filed and where, on information and belief, the applications are currently pending. The Texas Service Center is located at 4141 North St. Augustine Road, Dallas, TX 75227 and has an alternative mailing address of P.O. Box 851488 – Dept. A, Mesquite, Texas 75185-1488.

## JURISDICTION

7.      Jurisdiction in this case is proper under 28 U.S.C. §§ 1331 and 1361, 5 U.S.C. § 701 et seq., and 28 U.S.C. § 2201 et seq.  Relief is requested pursuant to said statutes. This action is not barred by the Real ID Act, P.L. 109-13, 119 Stat. 231 (May 11, 2005). The Plaintiffs file this case to compel action on their applications.

## VENUE

8.      Venue is proper in this court, pursuant to 28 U.S.C. §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where the Plaintiffs and a Defendant reside and where a substantial portion of the events or omissions giving rise to the Plaintiffs' claims occurred.  More specifically, the Plaintiffs live in Massachusetts and were previously interviewed in Boston, MA in connection with the applications in dispute.  To the extent the CIS requires further interviews in connection with the Plaintiffs' applications, the interviews will occur in Boston, MA.

## EXHAUSTION OF REMEDIES

9.      The Plaintiffs have exhausted their administrative remedies. On January 10, 2004, the

Plaintiffs filed their applications to adjust status with the USCIS Texas Service Center. The

Plaintiff, Bipinbhai Patel, is the primary beneficiary of an approved application for alien labor

certification and visa petition and the other Plaintiffs are derivative beneficiaries of their father's

case. The Plaintiffs filed their applications to adjust status concurrently. After over ten years of

legal maneuvering the USCIS reopened Bipinbhai Patel's application to adjust status, but has

refused to adjudicate the application. The USCIS has refused to reopen Fevilbhai and Nikiben

Patel's applications to adjust status. The Plaintiffs have provided all documentation required by

the USCIS in order to adjudicate their applications, but the USCIS has failed to act in accordance

with its statutory duties to adjudicate the applications.

## CAUSE OF ACTION

10.     Bipinbhai N. Patel is a native and citizen of India who entered the United States in 1991

and has remained in this country since the date of his entry. From February, 1994 through

February, 1998, Mr. Patel worked for Gopal Corporation in Woodhaven, Michigan as a Bakery

Manager. On September 9, 1998, Shanti, Inc. of Plymouth, Michigan, filed an application for

alien labor certification on behalf of Mr. Patel with the Michigan Department of Career

Development.  Pursuant to this filing, Mr. Patel is a "grandfathered alien" for the purposes of

adjustment of status under INA § 245(i).

11.     By notice dated November 17, 2003, the U.S. Department of Labor (DOL) certified an

application for alien labor certification filed by Brookline Market, Inc. d/b/a Kurkman Market

("Kurkman") on behalf of the Plaintiff, Bipinbhai Patel, with a priority date of April 2, 2003. In

early January, 2004, Kurkman filed a visa petition for the Plaintiff, Bipinbhai Patel which the

USCIS approved by notice dated December 12, 2004.

12.     In January, 2004 each Plaintiff filed an application to adjust status concurrently with

Kurkman's visa petition. Because they were under the age of 21 at the time they filed to adjust

their status Fevilbhai and Nikiben Patel were eligible to adjust their status as derivative

beneficiaries of their father's case. On July 13, 2005, the Plaintiffs attended an interview in

connection with their applications to adjust status at the USCIS office in Boston, MA.

Subsequent to the interview, the Plaintiffs continued to wait for their applications to be approved.

13.     By notice dated February 10, 2009, the USCIS sent Kurkman a Notice of Intent to

Revoke Bipinbhai Patel's previously approved visa petition. The Intent to Deny started a legal

battle that lasted over four years and included responses to the Notice of Intent to Deny, appeal

to the USCIS Administrative Appeals Office (AAO) of the decision to revoke the visa petition,

and motion to the AAO to reconsider its decision to sustain the revocation of the visa petition.

Finally, by decision dated October 18, 2013 the AAO reinstated the December 12, 2004 approval

of Kurkman's visa petition. (A copy of the AAO decision is attached hereto as Exhibit A).

14.     By decisions dated June 26, 2012, the USCIS denied each Plaintiff's application to adjust

status. The denials were based on the AAO decision dated November 1, 2012 to deny Kurkman's

appeal of the USCIS decision to revoke Kurkman's visa petition. However, since the AAO

ultimately reinstated the visa petition, the decision to deny the applications to adjust status was

erroneous. By notice dated October 21, 2014 the USCIS reopened Bipinbhai Patel's application

to adjust status and issued a Request for Additional Evidence to the Plaintiff, Bipinbhai Patel.

(Copies of the Motion to Reopen and Request for Additional Evidence are attached hereto as

Exhibit B).   The USCIS did not send a similar notice to Fevilbhai Patel or Nikiben Patel.

5

15.     On November 13, 2014 the Plaintiff Bipinbhai Patel, filed a response to the USCIS

Request for Additional Evidence. (A copy of the response is attached hereto as Exhibit C). The

response included a new medical examination which Mr. Patel paid for in order to file the

response. By letter dated November 13, 2014, counsel for the Plaintiff's Fevilbhai Patel and

Nikiben Patel, sent the USCIS a letter requesting the agency to reopen their applications to adjust

status.  (A copy of the letter is attached hereto as Exhibit D). None of the Plaintiffs received a

response to their November, 2014 letters.

16.     As of this date the USCIS has not reopened the adjustment applications for Fevilbhai

Patel and Nikiben Patel. The USCIS has also failed to adjudicate the application to adjust status

for the Plaintiff, Bipinbhai Patel. The Plaintiff Bipinbhai has provided all documentation

necessary for the USCIS to adjudicate his application to adjust status. Moreover, the USCIS

should have reopened the adjustment applications for Fevilbhai Patel and Nikiben Patel.

17.     The Plaintiffs have paid all required fees for their applications to adjust status and have

complied in all respects with the Immigration and Nationality Act regarding their applications.

Despite all their efforts, the USCIS has failed and/or refused to adjudicate Bipinbhai Patel's

application to adjust status and has failed and/or refused to reopen the applications to adjust

status for Fevilbhai and Nikiben Patel.

18.     The government's failure to reopen the applications to adjust status for Fevilbhai and

Nikiben Patel and to adjudicate the Plaintiffs' applications to adjust status has caused each

Plaintiff to suffer constant anxiety and has put their lives on hold. As a direct result of the

Defendants' failure to perform their duties to adjudicate the applications, the plaintiffs have lost

valuable time as residents of the United States that will eventually lead to citizenship in this

country. Moreover, the Plaintiffs have continued to incur considerable costs on immigration and

6

other related matters that would not have occurred if the Defendants performed their statutory requirements to properly adjudicate the applications to adjust status. The Plaintiffs are statutorily eligible to adjust their status and none of the Plaintiffs have a criminal record. The USCIS' failure to adjudicate the Plaintiffs' applications has had a profound impact on the Plaintiffs and they are each entitled to decisions on their applications.

19.     The Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. section 701 et seq., are unlawfully withholding or unreasonably delaying action on the Plaintiffs applications and have failed to carry out the adjudicative functions delegated to them by law with regard to each Plaintiff's case.  The Plaintiffs are entitled to decisions on their applications to adjust status and demand that the Defendants make such a decision.  The Plaintiffs now seek a Court order requiring the Defendants to reopen the applications for Fevilbhai and Nikiben Patel and to adjudicate each Plaintiff's application to adjust status.

## PRAYERS FOR RELIEF

WHEREFORE the Plaintiffs respectfully pray that this Honorable Court enter an order:

(a)     accepting jurisdiction over the subject matter of this case;

(b)     requiring Defendants to adjudicate the Bipinbhai P. Patel's application to adjust status within a period of time specified by the Court;

(c)     requiring Defendants to reopen and adjudicate Fevilbhai B. Patel and Nikiben B. Patel's applications to adjust status as if they were minor children of the Plaintiff Bipinbhai Patel within a period of time specified by the Court;

(d)     awarding the Plaintiff all costs and reasonable attorney's fees associated with this matter; and

(e)      granting such other relief at law and in equity as justice may require.


**Respectfully submitted,**

**Bipinbhai P. Patel**
**Fevilbhai B. Patel and**
**Nikiben B. Patel**

**By their attorney,**


**/s/ Anthony Drago, Esq.**
**Anthony Drago, Esq. (BBO #552437)**
**Anthony Drago, Jr., P.C.**
**35 India Street**
**Boston, MA 02110**
**(617) 357-0400**
**Anthony@adragopc.com**